The Chief Justice
delivered the opinion of the court.*
General Benjamin Howard made his will, in his own hand-writing, bearing date the 8th of September, 1813, at Portage De Sioux, in the Missouri Territory. The property which he held in Kentucky, in his own right, he devised to his sisters. The property which he held in the Missouri Territory, he devised to his nephew, Benjamin Howard Payne; and the property which he held in right of his late wife, he devised to her relations—and he appointed executors residing in Kentucky, where the principal part of his personal estate was. Shortly after the date of the will, he annexed a codicil thereto, containing a memorandum of his *6 lands in Missouri, and by which he devised a warrant for a tract of land to his nephew, Charles Wickliffe.
Howard having died, his will was admitted to record in Kentucky, and the executors took upon themselves its execution. But the personal estate proving insufficient to pay the debts of the testator, a dispute arose between the devisee, Benjamin H. Payne, and the devisees of the Kentucky property, as to their respective liabilities. Payne, however, by his guardian, he being under the age of twenty-one, came to an agreement with the Kentucky devisees, that he would advance one ninth part towards the payment of the debts, and bring suit for the purpose of adjusting the controversy. He accordingly brought this suit, in which the devisee, Charles Wickliffe, as well as the devisees of the Kentucky property, were made defendants. By the decree of the circuit court, each party was made liable to the debts, according to certain proportions therein stated; and being dissatisfied with the decree, they have respectively taken appeals to this court.
On the side of Payne, it is contended, that the Kentucky property devised by the testator to his sisters, is exclusively charged with the payment of his debts; whilst it is urged, on their side, that the lands devised to Payne, in the Missouri Territory, is not only equally liable, in proportion to their value with the lands devised in Kentucky, but that a lot, with a house thereon, in the town of St. Charles, which at the date of the will was held under a mortgage by the testator, passed by the devise to Payne, if it passed at all, subject to the debt for which it had been mortgaged.
The first and principal question, therefore, is, whether the Kentucky property, devised by the testator to his sisters, is exclusively charged with the payment of his debts.
It was undoubtedly competent for the testator to charge that part of his estate only. He could not, indeed, exempt from the claim of his creditors any portion of his estate which, by the laws of the country where it might be, was liable to the payment of his debts. But this is not a question between the creditors and devisees, but between the devisees themselves, and as between them the testator might, most indisputably, regulate the disposition of his estate as he thought proper.
The question under consideration, therefore, is one of intention only, and must consequently depend upon the true exposition of the will.
A testator possessing estates in two countries which he devises to different persons, by different clauses in his will, if he couples in the devise of one branch of his estate a direction for the payment of debts, that branch is alone chargeable therewith.
The principal clauses of the will, which have any direct bearing upon this point, are the following, to wit:
"After the payment of my debts, I devise all the pro"perty, which I hold in my own right in Kentucky, to be "equally divided amongst my sisters, subject to the use of "my parents for life, &c. * * * * *
"The property I hold in this country, (Missouri Territo"ry) I devise to my nephew, Benjamin H. Payne."
And then follows the devise of the property which he held in right of his wife, to her relations.
The will, as the testator himself tells us, was written in haste, and, unfortunately, is not expressed, in relation to the point in dispute, with as much perspicuity as it might have been. We think, however, there is sufficient on the face of the will to justify the conclusion, that the testator intended to charge the property which he held in Kentucky in his own right, exclusively with the payment of his debts. That he meant to charge his Kentucky property with his debts, is obvious. No language could have made his intention, in that respect, more manifest, and we can perceive no rational principle upon which the charge can be construed to attach to the other property devised.
The testator has not, as is usual where the whole of the estate is intended to be charged, first directed by a distinct and substantive clause that his debts should be paid, and then disposed of the residue of his estate; but on the contrary, he has annexed the clause concerning the payment of his debts to the devise of his Kentucky property, and made it a part of the same sentence; whilst the devise of his property in Missouri is contained in a distinct and independent sentence, in no manner connected in language or sense with the former. So independent are these sentences of each other, that they are not even coupled with a conjunction. When we thus see the testator expressly annex the payment of his debts as a condition to one devise, without connecting it in any manner with the other, it would be arbitrary and absurd to construe the condition to extend to both. Such a construction would be warranted neither by the popular use of language, nor by the rules of grammatical propriety.
It seems to be admitted by all parties, that the property which the testator held in right of his wife, was not intended by him to be charged with his debts, for the devisees of that property are not attempted to be made contri *8 butary to the payment of the debts. But there is no principle of construction which can operate to exempt that property; which would not equally apply to the property in the Missouri Territory; for the devise of the latter has, either in language or sense, as little connection as the devise of the former has with the clause in relation to the payment of the debts.
The inference, therefore, from the face of the will itself, is, that the testator intended to charge his Kentucky property with the payment of his debts, and that he did not intend to charge his property in Missouri. This inference is fortified too by the extraneous circumstances of the case. More especially by the circumstance that the testator’s property in Missouri was of but small value compared with that of his Kentucky property; that the devise of his Kentucky property included the mass of his personal estate, which, by law, was the fund first to be applied to the payment of the debts, and that the executors, whose duty it was to pay the debts, resided in Kentucky.
If, then, we are correct in supposing it to have been the intention testator to charge his Kentucky property exclusively with the payment of his debts, but little can be necessary to be said in relation to the debt to secure which he held the mortgage on the lot in the town of St. Charles.
It seems that the testator had become responsible as security for a debt due from the proprietor of the lot, to a gentleman in Kentucky, and took the mortgage as an indemnity; and that he afterwards, when the debt became due, gave his own note for the money, taking in that which had been given by the proprietor of the lot, and himself, as security. The testator, by thus giving his note alone for the debt due to the creditor in Kentucky, made it his own, and of course it must, like his other debts, have been charged upon the devisees of his Kentucky property.
Whether the lot passed by the devise to Payne or not, is wholly immaterial to be decided; nor are we to be understood as giving any opinion upon the question, for there is no principle upon which the debt could be made a charge upon the lot. The creditor had no lien upon the lot, but trusted solely to the personal credit of the testator. The lien which existed upon the lot, was to secure a debt due to the testator, and not to secure a debt due from him. The lot might, therefore, be with propriety said to be a security *9 for the debt; but the debt cannot, in any sense of the word, be said to be a charge upon the lot.
Wickliffe for appellant, Pope for appellee.
Upon the whole, therefore, we are of opinion, that the decree of the circuit court, making the devisees, Charles Wickliffe and Benjamin H. Payne, liable for any part of the debts of the testator, is erroneous.
The decree must be reversed. The appellants, who were defendants in the court below, except Charles Wickliffe, must pay to the complainant, Payne, his costs expended in this court; and the complainant, Payne, must pay to the defendant, Charles Wickliffe, his costs in this court.
The cause must be remanded that a decree may be entered in conformity to the foregoing opinion.

 Absent, Judge Rowan.