Judge Owsley
delivered the opinion of the court.*
For the purpose of recovering the possession of a lot of ground in the town of Louisville, an action of ejectment was brought in the Jefferson circuit court by Phillips against Rothwell.
On the trial of the general issue in that court, verdict and judgment were obtained by Rothwell, but upon an appeal to this court, the judgment was reversed, on the ground of Rothwell, in consequence of having purchased the lot from Harrison, the tenant of Phillips, being estoped from contesting Phillips’s right to recover.
The case, then, having been remanded to the circuit court for further proceedings, Rothwell exhibited his bill in equity with an injunction against the proceedings at law.
The bill charges that Rothwell, supposing Harrison was the rightful owner of the lot under a previous purchase from Anthony New, contracted for, and received from him a deed of conveyance for the lot; that New had before that purchased the same from a certain R. Peatrop, and his wife Lucy, who is the only child and heiress of Robert Johnston, dec’d.; that Johnston, at the time of his decease, was entitled to a conveyance of the lot under a previous contract with the trustees of the town of Louisville, and that since his death the trustees have, by a deed regularly acknowledged and recorded, conveyed the lot to the said Lucy, as the heiress of said Johnston; that deeds were also made by said Peatrop and wife to New, but owing to some irregularity in the execution and acknowledgment of *14 them, the legal title has not passed to Rothwell, and exhibits its the deeds for the inspection of the court; and, after making Peatrop and his wife, New, Harrison and Phillips, defendants, prays for his title to be perfected, his possession quieted, and for a perpetual injunction against the proceedings in the action at law, &c.
The defendants, Peatrop and wife, New and Harrison, admit the allegations of the bill, and express a willingness to perfect Rothwell’s title; but Phillips asserts the superior equity to the lot, under the purchase of the lot by a certain William Johnson from the trustees, and contests Rothwell’s right to relief on various other grounds.
On a final hearing, the circuit court pronounced a decree in favor of Rothwell, conformable to the prayer of his bill. And from that decree Phillips has appealed to this court.
As respects the defendants, Peatrop and wife, New and Harrison, there is no doubt but Rothwell has manifested a right to relief. Those defendants not only admit the truth of the bill, but the exhibits and proof shew, incontestably, the sales alledged to have been made by Peatrop and wife, New and Harrison.
But with respect to Phillips, it is contended that no decree should have been pronounced against him—1, because, it is urged, that the deed of conveyance alledged to have been made by the trustees to the wife of Peatrop, is not proven to have been executed by them; and 2, because the deed purports to have been made at a time when, according to the act of assembly regulating the town, the trustees had no authority to act; and 3, because Robert Johnston, dec’d. in virtue of whose purchase the deed purports to have been made to his heir, in fact, never contracted for the lot, but that William Johnson, through whom Phillips claims, under a purchase at the sale of the trustees, was entitled to a conveyance; and 4, because the defendant, Phillips, by himself and tenants, have held the uninterrupted possession of the lot for upwards of twenty years.
With respect to the first objection, it need only be remarked, that we understand the answer of Phillips to admit the deed to have been made by the trustees to the heir of Johnston.
As to the second objection, it must be admitted that the deed purports to have been executed when the trustees possessed no authority to act, but although inoperative as a *15 deed of that date, yet as it appears to have been reacknowledged by the trustees after they became authorised under the law to convey, the title must be considered as passing by the deed.
A deed executed by trustees of a town, who had not power to convey, yet passes the title, if acknowledged after the acquisition of such power.
20 years’ possession, to bar an ejectment, must appear to be continued & uninterrupted-1 Marsh. 62, acc.
Littell for appellant, Pope for appellee.
The third objection, we are also of opinion, cannot be sustained.
That Robert Johnston was entitled to a conveyance from the trustees, is sufficiently proven, by the circumstance of the trustees having executed a deed to his heir. That deed, it is true, should not be used for the purpose of defeating an interest previously acquired, either by William Johnson or Phillips, but as against the trustees it is conclusive to shew their obligations to convey to Robert Johnston, and to avoid its operation against others claiming under the trustees, an interest of prior date should be shewn.
For the purpose of shewing such an interest, however, Phillips introduced in evidence, a copy taken from a list of sales of lots made by the trustees, by which William Johnson is represented as the purchaser of the lot now in question. But, waiving all objections to the competency of that evidence, we suppose it cannot have the effect (contended for) of proving that William Johnson was entitled to a conveyance: for as the purchase, so proven, appears to have been made by William Johnson in September, 1783, it is obvious that, according to the law regulating the town, the trustees were not then authorised to sell, and consequently William Johnson cannot have thereby gained either a legal or equitable interest in the lot.
The fourth objection we suppose equally unavailing.
The evidence, it is true, proves Phillips to have obtained the possession of the lot more than twenty years before Rothwell purchased of Harrison, but it does not shew a continued possession for twenty years.
The decree must be affirmed with cost.

 Absent, Judge Rowan.