BURDETT STRYKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36783. Promulgated December 3, 1930.

*F. A. Woodis, Esq.,* for the petitioner.
*Lloyd W. Creason, Esq.,* for the respondent.

562

## OPINION.

STERNHAGEN : Apparently (although not certainly) the Commissioner determined this petitioner's taxable income in respect of his stock transactions for 1925 in accordance with article 39, Regulations 65, which is, so far as pertinent, as follows:

ART. 39. *Sale of stock and rights.*—When shares of stock in a corporation are sold from lots purchased at different dates and at different prices and the identity of the lots can not be determined, the stock sold shall be charged against the earliest purchases of such stock. The excess of the amount realized on the sale over the cost or other basis of the stock will constitute gain. * * *

The petitioner contends that he has established the identity of the lots of stock which were sold so as to make article 39 inapplicable; and that the Commisioner's method as set forth therein is unauthorized.

So far as the evidence indicates, the petitioner traded entirely on margin, maintaining a joint brokerage account with his brother; the account of 1925 is a continuation from earlier years; during the year in question, the petitioner ordered his broker from time to time to sell on this account shares of Southern Railway; in each order he specified that the shares to be sold were those which had been purchased on certain dates, and the broker sold the number of shares which the petitioner directed. There is no evidence that the broker paid any attention to the designation or that the shares sold were in fact those which had been purchased on the date specified, and no evidence, such as that introduced in *John A. Snyder*, 20 B. T. A. 778, of a custom or understanding of the broker. From the broker's standpoint, there was manifestly a substantial fulfillment of the customer's order, irrespective of the specific designation of the stock. But since the petitioner insists that the fact of identification has been established, it may be said that the evidence is insufficient to establish that in fact the broker sold as the petitioner directed.

This decision need not, however, be predicated merely upon a lack of direct evidence, for it may perhaps be conceded that the broker's compliance was as broad as petitioner's order. In our opinion, the order specifying the shares to be sold as those which had been purchased on certain dates was entirely without substance and can be given no force as an identification of the stock sold. Trading as he did on margin, the petitioner did not receive possession of the shares, nor did he, without a special contract, have the right to receive them prior to payment. Even assuming that the broker actually held certificates of the purchased shares for his account, it does not appear whether the broker likewise held similar shares purchased on the same day for others. In bankruptcy proceedings it has been authoritatively held that shares in the same corporation are not subject to identification one from the other so as to justify the specific reclamation of a particular number of shares deposited as collateral security as against other claimants of equal rank. *Richardson* v. *Shaw*, 209 U. S. 365; *Gorman* v. *Littlefield*, 229 U. S. 19; *Duel* v. *Hollins*, 241 U. S. 523; *In re Cawley*, 29 Fed. (2d) 593. Reclamation has been allowed of a single claim where there were no other claimants of similar stock, but this was because the claim was free from confusion and conflict, and the decision transcended the recognition of the fact that there could be no identification. It would seem *a fortiori* that there can be no identification where the shares were never specifically owned or possessed by the customer and the only evidence consists of the open account and the pretended description in the order to sell. Such an attempted identification is a sham and must be disregarded. We can not,

therefore, find as a fact, as did the District Court in the case affirmed in *Howbert* v. *Penrose*, 38 Fed. (2d) 577, that the lots of stock sold were identified as petitioner claims, and without it there is no basis for his computation of gain or loss.

There is no reason to say that the method used by the respondent and provided in article 39 was not authorized by the statute. Section 1001, Revenue Act of 1924, authorized regulations "needful * * * for the enforcement of this Act." In the nature of marginal transactions there is complexity and difficulty in the annual determination of profit and loss. In the interest of uniform and clear administration, it is entirely reasonable and, we think, within the full scope of the administrative regulations contemplated by the statute that the Commissioner should prescribe a simple and uniform method of computation in such cases. This method does not effect a modification of the statute or, in the instant case, go contrary to fact, and there is nothing to justify the special computation of gain or loss which this petitioner claims. *Skinner* v. *Eaton*, 34 Fed. (2d) 575; *David Stewart*, 17 B. T. A. 604; *Western Bank & Trust Co.*, 19 B. T. A. 401, 412; *John A. Snyder*, 20 B. T. A. 778.

The evidence includes periodical statements of a joint trading account of petitioner and Frank J. Stryker. In the absence of any proof by way of explanation, these accounts may not be treated as if they applied to petitioner alone.

Reviewed by the Board.

*Judgment will be entered for the respondent.*