CHRISTIAN F. LENG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29591. Promulgated February 16, 1931.

*Frank C. Bowers, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

**OPINION.**

MATTHEWS: The respondent contends that the profit made on the 2,000 shares of stock sold in 1923 should be computed by using the cost of the earliest shares purchased, under the following provision of article 39 of Regulations 62:

When shares of stock in a corporation are sold from lots purchased at different dates and at different prices and the identity of the lots can not be determined the stock sold shall be charged against the earliest purchases of such stock.

In applying this rule, the respondent treated the purchases and sales made through Bache & Company and through Josephthal & Company as not being identifiable and has applied the sales made in 1919, 1920, 1921 and 1922 against the earliest purchases and applied the sales made in 1923 against the next earliest purchases. Necessary adjustments in the cost of stock sold were made to take care of the stock dividends received.

Petitioner contends that he has followed this rule in every case where he was unable to identify the lots sold. He identified lots sold by directing his broker to sell the particular stock purchased on a certain date at a certain figure. He further contends that the stock purchased in 1919 and 1920, amounting to 2,100 shares, upon which a 33⅓ per cent stock dividend was declared in 1920, bringing the number held to 2,800 shares on January 1, 1921, is the block of stock from which the petitioner took up 2,025 shares in 1923 by outright purchase, and that the Commissioner is in error in using the cost of this stock as the basis for ascertaining the profits on the sales made in 1923. *Howbert* v. *Penrose*, 38 Fed. (2d) 577, is cited by petitioner as authority for his contention.

The petitioner's method of identifying the lots of margin stock sold is the same as that followed by the petitioner in the case of *Burdett Stryker*, 21 B. T. A. 561. In that case we held that even assuming that the broker sold as directed, the orders to the broker could be given no force as an identification of the stock sold so as to render article 39 of the regulations inapplicable in the determination of the taxable income, since the shares were not specifically owned or possessed by the taxpayer. We could not find as a fact, therefore, as did the District Court in *Howbert* v. *Penrose, supra,* that the lots of stock sold were identified as petitioner claimed. It was further held in the *Stryker* case that article 39, Regulations 65, prescribing the method of computing gain on sales of stock made from lots purchased on different dates and at different prices where identity of the lots can not be determined, is reasonable and within the full scope of the administrative regulations contemplated by the statute. This article is identical with article 39 of Regulations 62.

Petitioner seeks to identify the stock taken up in 1923 as being a part of the block of 2,800 shares acquired in 1919 and 1920 by purchase and by receipt of stock dividends (1) by the continuity of his holding of this many shares in the margin account on January 1, 1921, January 1, 1922, and January 1, 1923; (2) by book entries—the book value as of June 26, 1923, of $146,464.51 or an average price of about $73 a share, he claims is approximately the cost of stock bought in 1919 and 1920; and (3) by his intention eventually to take up earliest purchases.

We do not think that margin stock taken up can be identified any more than can margin stock sold. In fact, the bookkeeping entry in the margin account, which records the taking up of stock held on margin, is the same as if the stock had been sold. Whatever may have been the intention of the petitioner, therefore, the orders to the broker to take up the earliest purchases could be given no force as an identification of the stock taken up. Neither can the book entries as to the cost of the stock taken up or the balance paid to Josephthal & Company serve to identify the stock taken up in 1923 as being any particular stock acquired in 1919 or 1920. *Skinner* v. *Eaton*, 45 Fed. (2d) 568, affirming District Court decision, 34 Fed. (2d) 575.

In so far as the sales of stock made prior to June 26, 1923, are concerned, the method followed by the Commissioner is correct. The shares taken up on June 26 should be applied against the earliest stock then on hand and the sales made after June 26 applied against the earliest purchases still held in the margin account. We think, however, that the margin stock purchased through Bache & Company can be identified from that purchased through Josephthal. As all of the stocks purchased through Bache were sold through that firm and as there was no Studebaker common stock left in this account at the close of 1921, and there were no purchases and sales made in 1922 or 1923, the purchases and sales made through Bache & Company should not be considered in computing the profit derived on the sales made in 1923 through Josephthal & Company. See *Skinner* v. *Eaton*, *supra; David Stewart*, 17 B. T. A. 604; *Western Bank & Trust Co.*, 19 B. T. A. 401, 412; and *John A. Snyder*, 20 B. T. A. 778.

*Judgment will be entered under Rule 50.*