ESTATE OF RICHARD B. TURNER, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53554. Promulgated October 14, 1932.

*James C. Peacock, Esq.*, for the petitioner.
*J. M. Morawski, Esq.*, for the respondent.

OPINION.

SMITH: It is the contention of the petitioner in this proceeding that, since it was the intention of the decedent to retain 1,200 shares of the United Gas Improvement Company stock as an investment, and that intention was understood by his associates who gave the orders to purchase and sell the stock and by an employee of the brokerage concern, it must be assumed that the 1,300 shares that were sold by the broker in 1928 represented the 300 shares received as a stock dividend and in addition the 1,000 shares purchased by the decedent on June 8, 1928. The respondent rejected such contention, in accordance with article 58 of Regulations 74, which provides, so far as material, as follows:

Sale of stock and rights.—When shares of stock in a corporation are sold from lots purchased at different dates and at different prices and the identity of the lots can not be determined, the stock sold shall be charged against the earliest purchases of such stock. The excess of the amount realized on the sale from the cost or other basis of the stock will constitute gain. In the case of stock in respect of which any stock dividend was paid, the basis for determining gain or loss from a sale of a share of such stock shall be ascertained in accordance with the principles laid down in article 600. * * *

The evidence indicates that the decedent in the case at bar assumed that when he purchased shares of stock on margin a certificate for a given number of shares was acquired by him and retained by the broker. When the respondent first claimed that the decedent owed an additional tax for 1928, he, through his attorney, went to the broker's office to ascertain what certificates of stock were carried to the credit of the decedent and what certificates were actually sold

for him in 1928. He learned that no certificates were earmarked for the decedent on the broker's books of account and that the broker could not advise him as to any specific certificate for the shares of stock that were purchased for him in the years 1926 and 1928. The character of the transaction is stated by the Circuit Court of Appeals for the Third Circuit in *Snyder* v. *Commissioner*, 54 Fed. (2d) 57, in the following language:

* * * The evidence of the transaction and of the customer's ownership is merely a book entry of a debit of the shares purchased against a credit of the margin paid. The shares are commingled with perhaps many thousand held by the broker for other customers, subject always to be hypothecated by him in raising the difference in money between the customer's margin and the purchase price of the shares, which of course the broker must pay in order to get a certificate. The shares are not delivered or earmarked or allocated to the customer even on the books.

The facts in the case referred to above are substantially the same as those which obtain in the proceeding at bar. In that opinion the court affirmed the decision of the Board in *John A. Snyder*, 20 B. T. A. 778. See also *Skinner* v. *Eaton*, 34 Fed. (2d) 575; affd. 45 Fed. (2d) 568; certiorari denied, 283 U. S. 814.

The contention of the petitioner, that article 58 of Regulations 74 does not apply to the facts in this case and that if it does to that extent it is unreasonable and invalid, is sufficiently answered by the decisions above referred to.

The petitioner makes the further contention that if the shares sold can not be identified, then under the general principles of law there was no profit on sales of these shares until the entire capital investment therein had been recovered. Petitioner relies upon *Burnet* v. *Logan*, 283 U. S. 404. In our opinion there is no merit for such a contention. Manifestly, shares of stock represent divisible interests in a corporation, and where a person sells one or more of a lot of shares owned he may sustain a gain or loss in respect of that transaction.

*Judgment will be entered for the respondent.*