A. D. GEOGHEGAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. A. D. GEOGHEGAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 64134, 64135. Promulgated August 14, 1934.

*Justin V. Wolff, Esq.,* for the petitioners.
*Frank B. Schlosser, Esq.,* for the respondent.

94

STERNHAGEN: The respondent's determination treats the shares sold by petitioner in 1927 as being some of those acquired in 1925 and measures the gain as the difference between the cost of such shares and the total sale price. Petitioner contends that the basis to be used as to 1,800 shares is the cost of those shares which he bought in 1927. The foundation upon which petitioner rests is his present testimony that he intended to sell the later acquired shares.

We think, however, that the evidence shows otherwise. It shows that, if any identification as to shares could have been recognized, he actually used the earlier certificates and that his only intention was "not to disturb his original investment" any more than he could help. Clearly the identity of shares or certificates did not affect his investment. His investment was *pro tanto* the same whether he retained one certificate or sold one group of shares or another. It was not until he learned that his taxes were affected that he realized a possible importance in which shares or certificates he used. But this was long after the event. So we say that, even if mere intent is controlling, cf. *Howbert* v. *Penrose*, 38 Fed. (2d) 577, the intent to sell the later shares is not proven.

But if actual intent were proven by petitioner's oral testimony at the hearing, it would still be true that he voluntarily sold shares from the earlier block and used the earlier certificate for the purpose of delivery. This actual conduct is more important as evidence of his intent than his afterthought. His secretary's accounting does not determine what petitioner had done as a matter of law.

Since we think that, even assuming that the shares are susceptible of identification, the respondent correctly held that the petitioner sold the earlier, it is unnecessary to consider whether they were identifiable. If they were not, the first in, first out rule sustains the

determination. *Howbert* v. *Penrose*, 38 Fed. (2d) 577; *Skinner* v. *Eaton*, 45 Fed. (2d) 568; *Snyder* v. *Commissioner*, 54 Fed. (2d) 57; *Heinz* v. *Commissioner*, 70 Fed. (2d) 461; *Burdett Stryker*, 21 B.T.A. 561; *Christian F. Leng*, 22 B.T.A. 149; *J. T. Hedrick*, 24 B.T.A. 444; *Estate of Richard B. Turner*, 26 B.T.A. 1204; *Mary E. Horner*, 28 B.T.A. 360; *John A. Snyder*, 29 B.T.A. 39; *Ralph H. Seelye*, 29 B.T.A. 695.

*Judgment will be entered under Rule 50.*