WILLIAM W. MILLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64861. Promulgated September 19, 1934.

*Henry Brach, C.P.A.*, and *Redmond Kernan, Jr., Esq.*, for the petitioner.

*J. M. Leinenkugel, Esq.*, for the respondent.

## OPINION.

MURDOCK: The Commissioner determined a deficiency of $1,547.83 for the calendar year 1929. The facts have been stipulated:

The petitioner sold 500 shares of Otis Elevator Co. common stock through his broker on, or shortly after, February 25, 1929. The broker delivered five certificates, each for 100 shares, from a number of certificates in his hands for Otis Elevator Co. common stock belonging to the petitioner. The Commissioner, in computing the profit on this sale, used as a basis the adjusted cost of the purchases represented by the specific certificates delivered. The petitioner contends that as to 300 of the 500 shares the Commissioner took an incorrect basis. The petitioner relies principally upon the fact that he intended to make the sale of 300 shares from lots purchased at certain times and so notified his broker in a letter confirming his order to sell. He argues that he sold stock, not certificates, and the lots sold are sufficiently identified by his records and letter. He cites *Howbert* v. *Penrose*, 38 Fed. (2d) 577.

The practice of the Commissioner for many years has been to apply his " first in, first out " rule (see Regulations 74, art. 58) only where he could not identify or distinguish the lot sold from other lots of the same stock held by the taxpayer. This case does not involve the " first in, first out " rule. Both parties contend that the lots sold can be identified. They disagree as to the method of identification and consequently disagree as to the identity of 300 of the shares sold. The petitioner says that there are two methods of identifying stock which has been sold; one is by the certificates delivered, and the other is by the intent of the seller. He argues that where the intent is properly shown by records and other evidence, it is the superior method. A share of stock in a corporation, aside from the paper evidence of the unit of interest, cannot be distinguished from any other similar share. The certificates, however, can be distinguished and identified.

The Commissioner has recognized this fact and has relied upon it in determining the deficiency. See discussion of the importance of certificates in *Burnet* v. *Brooks*, 288 U.S. 378. Some of the certificates belonging to this taxpayer had been mixed, mingled, and changed. It was perhaps impossible for the broker to deliver certificates to tally accurately and completely with the purchases mentioned in the letter. But, however that may be, he delivered certain certificates as the petitioner's agent. Consequently the petitioner actually sold the stock represented by those certificates. The sale was not recalled and it is the profit on that sale that is being taxed. The Commissioner did not err in computing a profit on the shares actually sold, as opposed to the profit which would have resulted had

194

the petitioner sold the shares which he had intended to sell.  Cf. *United States* v. *Phellis*, 257 U.S. 156, 172; *James Cunningham*, 29 B.T.A. 717; *Horner* v. *Commissioner*, 72 Fed. (2d) 407; affirming *Mary E. Horner*, 28 B.T.A. 360; *A. D. Geoghegan*, 31 B.T.A. 93; *Louis G. Neville*, 29 B.T.A. 450; *Mickler Holding Co.*, 29 B.T.A. 300; *Henry C. Heinz*, 28 B.T.A. 276, 284.

*Decision will be entered for the respondent.*