GEORGE VAWTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74876. Promulgated December 14, 1934.

*Walter A. Bolinger, Esq.*, for the petitioner.

*Carroll Walker, Esq.*, and *Francis S. Gettle, Esq.*, for the respondent.

OPINION.

STERNHAGEN : The petitioner, on his return, took a deduction for a loss amounting to the difference ($4,897.50) between the cost ($30,-540) of the 100 shares bought in 1929 and the sale price ($25,642.50) of the 500 shares sold in 1930, treating the shares purchased and those sold as identical. The respondent disallowed the deduction, and instead determined a profit under the first in, first out rule. He held, as shown by his notice of deficiency, that identification of the dividend shares which petitioner received was not feasible, that the allocation of dividend certificates to certain existing shares was arbitrary, and hence that the stock sold must be presumed to be part of that received as a dividend upon his earliest purchased stock. The stipulation of the parties provides that, if the first in, first out rule applies, the deficiency is correct, and that if the sale is to be treated as of the shares bought in 1929, the petitioner's return is correct.

The first in, first out rule, its validity and applicability, have been repeatedly considered. *Towne* v. *McElligott*, 274 Fed. 960; *Howbert* v. *Penrose*, 38 Fed. (2d) 577; *Skinner* v. *Eaton*, 45 Fed. (2d) 568; *Snyder* v. *Commissioner*, 54 Fed. (2d) 57; *Horner* v. *Commissioner*, 72 Fed. (2d) 407; *Commissioner* v. *Merchants' & Manufacturers' Fire Insurance Co.*, 72 Fed. (2d) 408; *Snyder* v. *Commissioner*, 73 Fed. (2d) 5; *William W. Miller*, 31 B. T. A. 192; *Courtenay D. Allington*, 31 B. T. A. 421. By its terms, it seems to assume that shares of stock of one class in a corporation owned by a single person through different purchases at different times are susceptible of

identification by lots. What may be the means of such identification is not set forth in the regulation and we are not informed as to the means which the Commissioner uses. It is generally when the Commissioner refuses to recognize the identification urged by the taxpayer and determines that the shares can not be identified as those bought at a certain time or price and requires the use of the first in, first out rule that the question comes to the Board or the courts. Then it is that the taxpayer must overcome the determination by affirmatively establishing the identity of the shares sold. *Skinner* v. *Eaton, supra; Courtenay D. Allington, supra.*

The rule is one of administrative convenience and necessity, the purposes of which are uniformity of taxation, certainty of determination, and simplicity of computation. Broadly speaking, shares of the same class are fungible, each representing a proportionate interest in the whole and each new acquisition being absorbed into the expanding interest of the shareholder. *Richardson* v. *Shaw*, 209 U. S. 365; *Duel* v. *Hollins*, 241 U. S. 523; *Howbert* v. *Penrose, supra; Snyder* v. *Commissioner, supra; Burdett Stryker*, 21 B. T. A. 561. In this sense shares defy identification. To what extent the administrative practice departs from this concept or upon what theory the concept is modified so as to recognize an identification is difficult to learn from the cases which have been litigated.

But this case presents no reason for overthrowing the Commissioner's determination. Intention alone, it has frequently been held, is not a criterion, *Skinner* v. *Eaton, supra; Courtenay D. Allington, supra;* nor is the taxpayer's mere mental or verbal labeling of the shares sold. The claimed identification must at least be consistent with his actual performance, *Horner* v. *Commissioner, supra; Commissioner* v. *Merchants' & Manufacturers' Fire Insurance Co., supra; Rankin* v. *Commissioner*, 73 Fed. (2d) 6. Here the petitioner unquestionably intended to sell his newest shares and close out his speculative venture, but his performance was different from his intent. Not only did he receive a stock dividend applicable indiscriminately to all his shares, thus by the terms of the rule precluding identification, *Towne* v. *McElligott, supra; Skinner* v. *Eaton, supra*, but moreover he himself mixed up his certificates and kept the very one (A–5720) which represented the shares he last bought. Thus he makes it impossible for anyone to identify any of the shares sold as those last acquired. Cf. *Rankin* v. *Commissioner, supra.* The first in, first out rule is clearly applicable, and the respondent's determination must therefore be upheld.

*Judgment will be entered for the respondent.*