MATTER OF PIERRE

In Deportation Proceedings

A-19337984

*Decided by Board September 16, 1975*

Respondent, a native and citizen of Haiti, is an applicant for the withholding of deportation under section 243(h) of the Immigration and Nationality Act, as amended. She testified that prior to her departure from Haiti her husband threatened her life and attempted to kill her. She alleges that, if returned to Haiti, she would be persecuted by her husband, which the Government of Haiti would do nothing to restrain because of her husband's high position (a deputy in the Haitian Government), and that she would be effectively foreclosed from receiving adequate legal or physical protection. Respondent's application is denied since she has not established that she would be persecuted on account of race, religion, political opinion or membership in a particular social group; rather, the motivation behind her husband's alleged actions appears to be strictly personal.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer.

ON BEHALF OF RESPONDENT:
Richard S. Brody, Esquire
53 State Street
Boston, Massachusetts 02109

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

This is an appeal from a decision of an immigration judge, dated April 2, 1975 finding the respondent deportable as charged and denying her application for withholding of deportation under section 243(h) of the Immigration and Nationality Act. The appeal will be dismissed.

The respondent is a married female alien who is a native and citizen of Haiti. She was admitted to the United States as a temporary visitor for pleasure on November 18, 1971. She has remained beyond the period authorized. The respondent admitted the factual allegations of the order to show cause, but denied deportability. We are satisfied that on the basis of the admissions, deportability has been established by clear, convincing and unequivocal evidence.

The respondent has applied for withholding of deportation pursuant to section 243(h) of the Act. She is the wife of a deputy in the Haitian Government. This position is apparently analogous to that of a senator

461

in the United States. She testified that prior to her departure from Haiti, her husband threatened her life and attempted to kill her by burning down the house in which she lived. The respondent also testified that she hid at the homes of relatives in Haiti and then fled to the United States.

A cousin of the respondent, who appeared as a witness, testified that while in Haiti, she had heard the respondent's husband threaten the respondent with bodily harm. A letter from the Department of State confirms that the respondent's husband is in fact a deputy in the Haitian Government.

Under section 243(h) of the Act, the Attorney General may temporarily withhold the deportation of any alien within the United States to any country in which the alien would be subject to persecution on account of his race, religion, political opinion or membership in a particular social group. See *Matter of Dunar*, 14 I. & N. Dec. 310 (BIA 1973). The respondent does not claim that she would be persecuted by virtue of her inclusion in any of those classes; nor does she claim that the government of Haiti per se would persecute her. Rather, she contends that because of the high political position held by her husband, she would effectively be foreclosed from receiving adequate legal or physical protection in Haiti, and that this in turn amounts to persecution which the government of Haiti would do nothing to restrain.

We have in the past recognized that there could be situations where an alien would qualify for temporary withholding of deportation even though the persecution was at the hands of individuals not connected with any government. However, it would first have to be shown that the government concerned was either unwilling or unable to control the persecuting individual or group. *Matter of Tan*, 12 I. & N. Dec. 564 (BIA 1967). See *Rosa v. INS*, 440 F.2d 100 (1 Cir. 1971). Cf. *Matter of Maccaud*, 14 I. & N. Dec. 429 (BIA 1973); *Matter of Euseph*, 10 I. & N. Dec. 453, 455 (BIA 1964). Although the respondent claims that the government of Haiti would not intervene to prevent or punish alleged unlawful acts performed by her husband, she has presented no evidence to support this claim.

We are not aware of any case in which an alien has been granted the benefit of section 243(h) on the basis of the allegations made here. In *Matter of Tan*, supra, the alien alleged that if he were returned to his native country, he would be subject to persecution by mobs because of his ethnic background. In *Matter of Maccaud*, the alien claimed that he would be persecuted by individual prison officials because of his political activities. In *Rosa v. INS*, supra, the alien claimed that mobs would attack him because of his close association with a former, deposed government.

In each of these cases, in which there are dicta approving the concept

that non-governmental persecution could come within the ambit of section 243(h), the alien alleged that persecution would result because of membership in a class enumerated in section 243(h). Here, the claim is significantly different. The respondent does not allege that her husband seeks to persecute her on account of her race, religion, or political beliefs. The motivation behind his alleged actions appears to be strictly personal. Thus, even if the respondent had shown that the government of Haiti was unable or unwilling to restrain her husband, she could not qualify for temporary withholding of deportation. Not every unlawful act of individual harrassment will amount to persecution within the meaning of section 243(h).

Counsel for the respondent also argues that the receipt into evidence of a statement, (Exhibit 5), made by the respondent prior to the deportation hearing was erroneous and prejudiced his client. There is no indication on the transcript of this statement that it was through use of an interpreter. Counsel indicates that the respondent does not speak English and he notes that all other statements made by the respondent were made through a French-speaking interpreter. We do not believe that the respondent has been prejudiced by the presence of this statement, since we have concluded that even on the basis of the facts most favorable to the respondent she would not qualify for the relief sought.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.