**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARMEN HARUTYUINI
MARGOSYAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.  14-70905

Agency Nos.     A098-472-463
                A078-113-167

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 12, 2019
Pasadena, California

Before:  N.R. SMITH and WATFORD, Circuit Judges, and HELLERSTEIN,**
District Judge.

Carmen Harutyuini Margosyan, an Armenian citizen, petitions for review of

an order of the Board of Immigration Appeals ("BIA"), dismissing her appeal and

adopting the decision of the Immigration Judge ("IJ").  Because Margosyan's

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Alvin K. Hellerstein, United States District Judge for
the Southern District of New York, sitting by designation.

asylum application was filed after May 11, 2005, the REAL ID Act guides our review. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We grant the petition and remand for further proceedings.

The IJ denied Margosyan's application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"), because Margosayn was not credible based on inconsistencies between her testimony and the neighbors' affidavit, or, alternatively, even if credible, Margosyan's asylum and withholding of removal claims failed because she failed to show past or future persecution on account of a protected ground.

1. To support an adverse credibility determination under the REAL ID Act, any inconsistencies in the record "must be considered in light of the 'totality of the circumstances, and all relevant factors.'" *Id.* at 1043 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Although "credibility findings no longer need to go to the heart of the applicant's claim," "an IJ cannot selectively examine evidence in determining credibility, but must present a reasoned analysis of the evidence as a whole." *Id.* at 1040, 1046 (internal quotation marks and citations omitted).

In this case, the IJ stated that he had "considered the extent to which the respondent's testimony [was] otherwise consistent with her written statement and the extent to which she was internally consistent in her own testimony." However,

2

the IJ did not suggest that he considered the corroborating evidence that supported Margosyan's claims. *See id.* at 1040-41 ("Nor do we expect a judge to selectively consider evidence, ignoring that evidence that corroborates an alien's claims and calls into question the conclusion the judge is attempting to reach." (citation omitted)). We recognize that the IJ took into consideration the neighbors' affidavit, which seems to undermine her credibility. But the significance of the inconsistences raised by that affidavit (especially with regard to the alleged rapes) is diminished by her sister's affidavit and the hospital certificate.[1] The IJ's failure to address and consider this "highly probative or potentially dispositive evidence" deprives us of the ability to properly assess whether substantial evidence supports the adverse credibility determination. *See Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011).

Accordingly, we are unable to conduct a meaningful review under the totality of the circumstances standard, because the IJ failed to address this corroborating evidence. *Cf. Tukhowinich v. INS*, 64 F.3d 460, 464 (9th Cir. 1995) ("When important aspects of the individual claim are distorted or disregarded, denial of relief is arbitrary. Without prescribing any final result, we must remand

---

[1] Even though this corroborating evidence references a different incident than the neighbor's affidavit, it nevertheless supports her claims as a whole.

such cases for proper consideration." (citation omitted)). We must therefore remand for the agency to reconsider the adverse credibility determination in light of the corroborating documentary evidence. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

2. The IJ's alternative ground for denial of asylum—namely, that Margosyan failed to show that the alleged past and anticipated persecution was due to her "race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1101(a)(42)(A)—was not supported by substantial evidence. Although Margosyan did not have any direct evidence that her persecutors targeted her on account of an imputed political opinion, the IJ did not properly consider Margosyan's "'association with, or relationship to, people who are known to hold a particular political opinion' in order to raise the inference that the persecutors have imputed a political view to [her]." *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1032 (9th Cir. 2014) (quoting *Navas v. INS*, 217 F.3d 646, 660 (9th Cir. 2000)). The circumstantial evidence in the record raises an inference that the police officers sought to punish or retaliate against Margosyan for her husband's political activities, *see id.* at 1033, rather than "to settle a personal score with her husband,"

for which there was no evidence,[2] *see Dinu v. Ashcroft*, 372 F.3d 1041, 1045 (9th Cir. 2004) (noting that an "IJ may draw the inference that the police investigation is a subterfuge for political harassment" "where there appears to be no other logical reason for the persecution at issue" (citations omitted)).

Notably, Margosyan's husband fled Armenia, because he and his fellow Freedom Voice party members were being apprehended and killed. Thereafter, Armenian authorities targeted Margosyan on multiple occasions based on her association with her husband by threatening her, intervening in her employment, raping her, and arresting her. Unlike the petitioners in *Garcia-Milian* and *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000), where ten to fifteen years had passed since the petitioner associated with the targeted family member, authorities here targeted Margosyan immediately following the government's crack down on the Freedom Voice party. Absent evidence of a personal matter, this circumstantial evidence supports a conclusion that Margosyan (if credible) was targeted based on an imputed political opinion. *See Deloso v. Ashcroft*, 393 F.3d 858, 864 (9th Cir.

---

[2] The cases the BIA cited for support that the police were seeking "to settle a personal score with her husband" are inapposite. Both *Matter of Y-G-*, 20 I. & N. Dec. 794, 799 (BIA 1994) and *Matter of Pierre*, 15 I. & N. Dec. 461, 463 (BIA 1975) deal with personal disputes: a withholding applicant's domestic disputes with her husband and an asylum applicant's altercations with a soldier over a woman. There is no evidence in this record that Margosyan's husband had a personal conflict with one or more of the police officers.

2005) ("An applicant need not present direct evidence of a persecutor's motives if there is compelling circumstantial evidence.").

**PETITION FOR REVIEW GRANTED; REMANDED.**