23-7178
Acero-Angamarca v. Bondi

BIA
Reid, IJ
A220 447 004/005/006/007

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-five.

PRESENT:
     RICHARD C. WESLEY,
     RAYMOND J. LOHIER, JR.,
     BETH ROBINSON,
          *Circuit Judges.*

_____

IVAN ALEJANDRO ACERO-ANGAMARCA, GLADYS BEATRIZ MUNOZ-QUINTUNA, A.M. A-M, D.G. A-M,
     *Petitioners,*

     v.               23-7178
                       NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,[1]

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Pamela

*Respondent.*

_____

**FOR PETITIONERS:**     Ioan Florin Cristea, Centro Legal de Inmigracion, Bay Shore, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Sarah A. Byrd, Senior Litigation Counsel; Allison Frayer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Gladys Beatriz Munoz-Quintuna, her husband, Ivan Alejandro Acero-Angamarca, and their two children, natives and citizens of Ecuador, seek review of an August 29, 2023 decision of the BIA affirming a March 9, 2022 decision of an Immigration Judge ("IJ") that denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[2]  *In re Ivan Alejandro Acero-Angamarca, Gladys Beatriz Munoz-Quintuna, et al.*, Nos. A220 447 004/005/006/007

---

Bondi is automatically substituted for former Attorney General Merrick B. Garland as Respondent.  Because petitioners A.M. A-M and D.G. A-M are minors, the Clerk of Court is directed to amend the caption as set forth above.

[2] We refer solely to Munoz-Quintuna because the claims are based on her experiences.

(B.I.A. Aug. 29, 2023), *aff'g* Nos. A220 447 004/005/006/007 (Immig. Ct. N.Y. City Mar. 9, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA and consider only the grounds for the denial of relief relied on by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and its legal conclusions *de novo. See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006) (reviewing nexus determination as a finding of fact subject to substantial evidence review). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Munoz-Quintuna asserted that she was and would be persecuted (and tortured) by a former romantic partner, Manuel Yupa, because of her membership in particular social groups of Ecuadorian women and Ecuadorian women unable to leave domestic relationships. She alleged that Yupa, whom she was in a relationship with while separated from her husband in 2018, drank excessively and abused her mentally, emotionally, and physically by threatening to kill her,

3

stealing from her business, hitting her several times, and yelling at her daughter. We deny the petition because substantial evidence supports the agency's determination that she failed to establish a sufficient nexus to the proposed social groups, and she has abandoned a dispositive basis for the denial of her CAT claim.

**I.      Asylum & Withholding of Removal**

An asylum applicant has the burden to "establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). In addition to this burden to establish a nexus between the harm suffered or feared and the protected ground, when the asserted ground is membership in a particular social group, the applicant must establish that the proposed group is cognizable. *See Paloka*, 762 F.3d at 195–96.

The BIA assumed that Munoz-Quintuna's proposed social groups were cognizable but denied asylum and withholding of removal because it found that she had not shown that membership in either proposed group was "one central reason" why Yupa abused her. Thus, her arguments challenging the IJ's cognizability determination are not before us. *See Xue Hong Yang*, 426 F.3d at 522. We address only whether the agency erred in finding that she failed to establish a

4

nexus to either group.   It did not.

The agency reasonably found that Yupa's motivation to abuse Munoz-Quintuna stemmed from private and personal disputes resulting from their relationship, his alcohol abuse, and his desire to keep her in the relationship, not because of her membership in either proposed social group or because of the group's identifying characteristics—that she was an Ecuadorian woman or that she was an Ecuadorian woman unable to leave a relationship.   *See Matter of Pierre*, 15 I. & N. Dec. 461, 461, 463 (B.I.A. 1975) (finding that the applicant failed to show that "she would be persecuted on account of . . . membership in a particular social group" where the "motivation behind [her husband's] alleged actions appear[ed] to be strictly personal").   Munoz-Quintuna alleged that Yupa (1) abused her when she forgot to tell him about her plans to go out with a friend, refused to give him money from her business, and threatened to terminate their relationship if he did not leave a gang; and (2) threatened her with physical violence to prevent her from going to the police or returning to her husband, both of which she did.   She also testified and presented witness statements that the abuse occurred or escalated when Yupa was drinking.   And she testified that years after she left Yupa and reconciled with her husband, he harassed and threatened her, and hit her once

while she was shopping, because she had returned to her husband. On this record, substantial evidence supports the agency's conclusion that Munoz-Quintuna did not establish a nexus to her proposed groups because the record reflects that Yupa abused her because of disputes during their relationship, his alcohol abuse, and his desire to keep her in the relationship, not because she was a woman or because she was unable to leave the relationship. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Matter of Pierre*, 15 I. & N. Dec. at 461, 463; *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring some evidence that the persecutor is motivated by the asserted protected ground).

## II.    CAT

A CAT applicant must show that she will "more likely than not" be tortured and that such torture would be by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c), 1208.18(a)(1). The agency found that Munoz-Quintuna did not establish either likely torture or that the government would consent or acquiesce to her torture by Yupa, explaining that her fear of future harm was not objectively reasonable because she left Yupa, reconciled with her husband shortly thereafter, and Ecuador has laws against domestic violence and abuse. As the Government points out, Munoz-Quintuna does not challenge the BIA's finding

6

that she did not establish likely torture, arguing only that agency erred in its acquiescence finding.   Accordingly, she has abandoned a dispositive basis for the agency's decision.   *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court