## MATTER OF Y-G-

### In Exclusion Proceedings

### A-29380926

### *Decided by Board May 5, 1994*

(1) In *Matter of Shirdel*, 19 I&N Dec. 33, 35 (BIA 1984), the Board of Immigration Appeals stated that the factual basis for a possible finding of excludability under the first clause of section 212(a)(19) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(19) (1982), relating to fraud or misrepresentation in the procurement of documents, will be closely scrutinized since such a finding may perpetually bar an alien from admission.

(2) Following its amendment by section 6(a) of the Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537, 3543-44 (effective Nov. 10, 1986), and later by section 601(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5073-74 (effective Nov. 29, 1990), the exclusion provision currently at section 212(a)(6)(C)(i) of the Act, 8 U.S.C. § 1182(a)(6)(C)(i) (Supp. IV 1992), relating to fraud or misrepresentation in seeking entry into the United States, like the provision relating to fraud or misrepresentation in the procurement of documents, is now both prospective and retrospective; therefore, the factual basis for a possible finding of excludability under this provision will be closely scrutinized, since such a finding may perpetually bar an alien from admission.

(3) Applicant for admission to the United States is not excludable under section 212(a)(6)(C)(i) of the Act as an alien who seeks or has sought to procure entry into the United States by fraud or the willful misrepresentation of a material fact where there is inadequate evidence that applicant presented or intended to present fraudulent documents to a United States Government official in an attempt to enter on those documents.

EXCLUDABLE: Act of 1952—Sec. 212(a)(19) [8 U.S.C. § 1182(a)(19)]—Fraud or willful misrepresentation of a material fact

Sec. 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF APPLICANT:
Candace L. Jean, Esquire
3050 Biscayne Boulevard, Suite 301
Miami, Florida 33137

ON BEHALF OF SERVICE:
Elena R. Stinson
General Attorney

BY: Dunne, Acting Chairman; Vacca and Heilman, Board Members

In a decision dated March 13, 1991, an immigration judge found the applicant excludable under sections 212(a)(19) and (20) of the

Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(19) and (20) (1988),[1] and denied his applications for asylum and withholding of exclusion and deportation. The applicant appealed. The appeal will be sustained in part and dismissed in part. The applicant's request for oral argument before the Board is denied. See 8 C.F.R. § 3.1(e) (1993).

The applicant is a 26-year-old native and citizen of Haiti. He arrived in the United States on December 3, 1990, aboard a flight from Haiti. He boarded the flight by using a fraudulent, photo-switched passport. At a hearing on January 17, 1991, the applicant answered in the affirmative when asked by the immigration judge whether he presented a Haitian passport and temporary resident card under the name of Bython Lacoste upon his arrival in the United States on December 3, 1990. He further stated that Bython Lacoste is not his true name and that he does not have a visa under his true name to allow him to enter the United States legally. At his March 13, 1991, hearing on the merits of his asylum application, the applicant volunteered, "Well, I have to tell you that when I came here in the States, the first thing I did was not lying. I gave my real name, and I claimed that the documents that I have they were not good, and I gave the address, my family would help me here."

In his decision of March 13, 1991, the immigration judge stated that the applicant conceded his excludability under sections 212(a)(19) and (20) of the Act, and the immigration judge found him inadmissible under these provisions. The applicant does not contest his excludability under section 212(a)(20) of the Act, and a full review of the record indicates that the immigration judge properly found him excludable under this section. However, there is no support in the record for the immigration judge's finding that the applicant "conceded" excludability under section 212(a)(19) of the Act, and the applicant disputes his inadmissibility under this section on appeal.

An application for admission to the United States is continuous, and admissibility is determined at the time the application is finally considered. Matter of Kazemi, 19 I&N Dec. 49 (BIA 1984); see also Matter of Ching and Chen, 19 I&N Dec. 203 (BIA 1984). Therefore, we will utilize the current laws and regulations in evaluating the applicant's alleged excludability for fraud or misrepresentation.[2]

---

[1] These sections were revised and redesignated as sections 212(a)(6)(C)(i) and (7)(A)(i)(I) of the Act, 8 U.S.C. §§ 1182(a)(6)(C)(i) and (7)(A)(i)(I) (Supp. IV 1992), by section 601(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5073-74 (effective Nov. 29, 1990) ("1990 Act"). The amended grounds are applicable to individuals seeking entry into the United States on or after June 1, 1991. See section 601(e) of the Immigration Act of 1990, 104 Stat. at 5077.

[2] We note that the revision made to this exclusion ground by the 1990 Act was

Section 212(a)(6)(C)(i) of the Act, 8 U.S.C. § 1182(a)(6)(C)(i) (Supp. IV 1992), provides as follows:

> Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or entry into the United States or other benefit provided under this Act is excludable.

It is well established that fraud or willful misrepresentation of a material fact in the procurement or attempted procurement of a visa, or other documentation, must be made to an authorized official of the United States Government in order for excludability under section 212(a)(6)(C)(i) of the Act to be found. *See Matter of D-L- & A-M-,* 20 I&N Dec. 409 (BIA 1991); *Matter of Shirdel,* 19 I&N Dec. 33 (BIA 1984); *Matter of L-L-,* 9 I&N Dec. 324 (BIA 1961). The record contains no evidence that the applicant practiced fraud or made a willful misrepresentation to a United States Government official in procuring or in seeking to procure *documentation.* Accordingly, we find that the issue at hand is whether the applicant is excludable for fraud or willful misrepresentation of a material fact in seeking to procure *entry* into the United States.

Prior to its amendment by section 6(a) of the Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537, 3543-44 (effective Nov. 10, 1986) ("1986 Amendments"), and later by the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 ("1990 Act"), section 212(a)(19) of the Act rendered excludable

> [a]ny alien who seeks to procure, or has sought to procure, or has procured a visa or other documentation, or seeks to enter the United States, by fraud, or by willfully misrepresenting a material fact.

Interpreting that version of the law, the Attorney General held that the first clause of section 212(a)(19), relating to documents, was both prospective and retrospective, but the second clause, relating to entry into the United States, was prospective only. *Matter of M-,* 6 I&N Dec. 752 (BIA 1955); *Matter of M-,* 6 I&N Dec. 149 (BIA, A.G. 1954); *see also Matter of Shirdel, supra,* at 34-35. Consequently, an alien whose fraud or material misrepresentations related to the procurement of documents was forever barred from admission, unless a waiver was obtained, while a fraud or misrepresentation which related to an alien's entry invalidated only that entry and did not preclude a subsequent entry that was otherwise regular. *See Matter of Shirdel, supra.* Accordingly, in *Matter of Shirdel* this Board stated, "We closely scrutinize the factual basis for a possible finding of excludability under the first clause of section 212(a)(19) for fraud in the procurement of

---

cosmetic in nature and that the result in this case is the same under both versions of the law.

entry documents since such a finding perpetually bars an alien from admission." *Id.* at 35; *see also Matter of Healy and Goodchild,* 17 I&N Dec. 22 (BIA 1979).

Since the fraud exclusion ground has been amended, an alien is now excludable under section 212(a)(6)(C)(i) of the Act not only if he "seeks" to procure but also if he "has sought to procure or has procured" an entry into the United States by fraud or the willful misrepresentation of a material fact. Accordingly, the provision relating to seeking entry, like the provision relating to the procurement of documents, is now both prospective and retrospective, and an alien who is found excludable for seeking to procure entry by fraud or the willful misrepresentation of a material fact is now forever barred from admission to the United States unless a waiver is obtained. Therefore, we will "closely scrutinize" the factual basis for a possible finding of excludability under this provision, since such a finding may perpetually bar the applicant from admission. *See Matter of Shirdel, supra.*

The burden in exclusion proceedings is upon the applicant to establish that he is not inadmissible under any provision of the Act. *See* section 291 of the Act, 8 U.S.C. § 1361 (1988); *Matter of D-L- & A-M-, supra.* In the instant case, we conclude that the applicant has met his burden and that a finding of excludability under section 212(a)(6)(C)(i) of the Act cannot be sustained.

In *Matter of D-L- & A-M-, supra,* we held that outside of the transit without visa context, an alien is not excludable for seeking entry by fraud or willful misrepresentation of a material fact where there is no evidence that the alien presented or intended to present fraudulent documents or documents containing material misrepresentations to an authorized official of the United States Government in an attempt to enter on those documents. The record in the case before us contains a Form I-110 signed by an immigration inspector, which states that the applicant applied for admission as a temporary resident and that he made an admission against interest "by stating his true name is Yvon Guillaume and that the documents he presented as his own were in fact obtained illegally and made to fit his likeness in an effort to defraud the U.S. government." The immigration inspector did not testify at the applicant's exclusion proceedings. The applicant conceded that he possessed a Haitian passport and a temporary resident card bearing the name of Bython Lacoste. However, the applicant testified that when he came to the United States, he did not lie, but instead gave his real name, stated that the documents he possessed were not his own, and gave the address of family members who would help him. Having closely scrutinized the factual basis for excludability under section 212(a)(6)(C)(i) of the Act, we find that the evidence does not establish the applicant's excludability under section 212(a)(6)(C)(i) of

the Act as an alien who seeks or has sought to procure entry into the United States by fraud or the willful misrepresentation of a material fact. *See Matter of Shirdel, supra.*

The applicant also asserts on appeal that he was effectively denied his right to counsel in the exclusion proceedings, not having validly waived it, and was therefore denied a fair exclusion hearing. We disagree. The applicant was first informed that he had a right to be represented by counsel on December 3, 1990, when he was served with a Notice to Applicant for Admission Detained for Hearing before Immigration Judge (Form I-122). At a hearing before an immigration judge on January 3, 1991, the applicant was informed that he was entitled to be represented by an attorney of his choice at no expense to the government, and the applicant acknowledged that he had received a list of lawyers who might be able to represent him for free. The applicant was granted a 2-week continuance to allow him to obtain counsel. The applicant appeared on January 17, 1991, without counsel, but he was accompanied by a clergyman. The proceedings were continued to allow the applicant to file an asylum application, and at a March 5, 1991, hearing, the applicant was granted a continuance so that his family members could attend his hearing. The applicant's exclusion hearing was held on March 13, 1991, more than 3 months after he had been placed in exclusion proceedings.

A waiver of the right to counsel need not always be express, but may be inferred from the acts of the applicant. *See Cobourne v. INS,* 779 F.2d 1564, 1566 (11th Cir. 1986). In the instant case, after having been informed of his right to counsel and given a list of attorneys who represent aliens at little or no cost, the applicant appeared before the immigration judge on three occasions without counsel. Although he requested, and was granted, a continuance so that his family members could attend his asylum hearing, he did not request another continuance to obtain counsel. We find that the applicant validly waived his right to counsel.

Additionally, we find that the applicant has not established that he has been prejudiced by the lack of counsel. *See Matter of Santos,* 19 I&N Dec. 105 (BIA 1984). The applicant alleges that counsel would have presented arguments to contest his excludability under section 212(a)(6)(C)(i) of the Act and would have been of great assistance in preparing and presenting his asylum claim. However, we have found that the applicant's excludability under section 212(a)(6)(C)(i) of the Act has not been established. Moreover, the applicant has made no arguments and presented no evidence on appeal to establish a valid claim to asylum or withholding of exclusion and deportation.

The applicant claims that he would have presented evidence that returnees are subject to persecution in Haiti, and he has submitted

several newspaper articles in support of this argument. These articles indicate that on three occasions in May and June of 1990, charter planeloads of deported aliens were held by police for questioning. The articles state that in May 1990, approximately 43 returning Haitians were held in the National Penitentiary for up to 10 days and that in June 1990, 31 returning Haitians were detained for 1 day upon their return. The articles further indicate that 15 of the Haitians detained in May had been incarcerated in the United States for crimes committed in this country, that deported Haitians are not traditionally locked up upon arrival in their homeland, and that Haitian officials attributed these actions to their need to investigate and dismantle a network set up by those trafficking in false travel documents, although several "boat people" had also been detained. *See Matter of Acosta,* 19 I&N Dec. 211 (BIA 1985), *modified on other grounds, Matter of Mogharrabi,* 19 I&N Dec. 439 (BIA 1987) (holding that prosecution for violation of laws of general applicability is not persecution unless punishment is imposed for invidious reasons). We find that this evidence fails to establish that the applicant has a well-founded fear of persecution if he is returned to Haiti based on his membership in a particular social group, i.e., Haitians deported from the United States. *See* sections 101(a)(42)(A) and 208(a) of the Act, 8 U.S.C. §§ 1101(a)(42)(A), 1158(a) (1988); *INS v. Cardoza-Fonseca,* 480 U.S. 421 (1987); *Matter of Mogharrabi, supra;* 8 C.F.R. § 208.13(b)(2) (1993). Furthermore, we note that the applicant submitted these articles in August 1991, and he has provided no evidence that Haitian officials have continued to detain returnees after June 1990.

We also find that the testimony and evidence presented by the applicant before the immigration judge do not establish past persecution or a well-founded fear of future persecution if he is returned to Haiti. *See* sections 101(a)(42)(A) and 208(a) of the Act; *INS v. Cardoza-Fonseca, supra.* Accordingly, the applicant also has failed to satisfy the clear probability standard of eligibility required for withholding of exclusion and deportation. *See* section 243(h) of the Act, 8 U.S.C. § 1253(h) (Supp. IV 1992); *INS v. Stevic,* 467 U.S. 407 (1984). The applicant reported that he fears returning to Haiti because, between 1986 and 1988, he and a soldier had several altercations which stemmed from their relationship with a girl. The applicant conceded that he never had problems with anyone else in Haiti and that he had no problems with the soldier in 1989 or 1990.

Aliens fearing retribution over purely personal matters will not be granted asylum on that basis. *Matter of Pierre,* 15 I&N Dec. 461 (BIA 1975). Such persons may have well-founded fears of harm, but such harm would not be on account of race, religion, nationality, membership in a particular social group, or political opinion. *Id.; see also* 8

C.F.R. § 208.13(b)(2) (1993). In the instant case, the applicant has not shown that the soldier may wish to persecute him on account of any of the five factors enumerated in section 101(a)(42)(A) of the Act.

**ORDER:** The appeal is sustained and the decision of the immigration judge is reversed insofar as it finds the applicant excludable under section 212(a)(19) of the Immigration and Nationality Act.

**FURTHER ORDER:** The appeal is dismissed and the decision of the immigration judge is affirmed insofar as it finds the applicant excludable under section 212(a)(20) of the Act and denies the applicant's applications for asylum and withholding of exclusion and deportation.