**Steeve JOSEPH, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4343–ag.**

United States Court of Appeals, Second Circuit.

Oct. 13, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Anne E. Doebler, Buffalo, New York, for Petitioner.

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Gerard J. Mene, Assistant United States Attorney, Alexandria, Virginia, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, and Hon. ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

Petitioner Steeve Joseph, a native and citizen of Haiti, seeks review of a July 19, 2004 order of the BIA affirming the April 11, 2003 decision of Immigration Judge ("IJ") Michael Rocco denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Steeve Joseph,* No. A 79 400 294 (B.I.A. July 19, 2004), *aff'g* No. A 79 400 294 (Immig. Ct. Buffalo Apr. 11, 2003). Joseph also challenges the IJ's finding that he is inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for reconsideration if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian-Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006).

The IJ and BIA erred in finding Joseph inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) for being an alien who "by fraud or willfully misrepresenting a material fact, seeks to procure ... admission into the United States or other benefit provided under this chapter." Even though Joseph has separately admitted to being inadmissible for lacking proper documentation, 8 U.S.C. § 1182(a)(7)(A)(i)(I), we have "closely scrutinized" the fraud charge because if Joseph is found inadmissible under that provision, he in effect may be permanently barred from the United States, *see In re Y-G-,* 20 I. & N. Dec. 794, 796–97, 1994 WL 213250 (B.I.A.1994). The IJ found that Joseph knew that his travel documents were only good for transit-without-visa privileges and that Joseph intended, prior to his arrival in Miami, to remain in the United States instead of traveling to his final destination in Argentina. In holding that these facts were sufficient to constitute a violation of § 1182(a)(6)(C)(i), the IJ relied on BIA case law that had been superseded by an amendment to the inadmissibility statute. *See In re Shirdel,* 19 I. & N. Dec. 33, 1984 WL 48579 (B.I.A.1984) (interpreting 8 U.S.C. § 1182(a)(19) (1982)); *see also Ymeri v. Ashcroft,* 387 F.3d 12, 19 n. 4 (1st Cir.2004) (explaining change in inadmissibility statute). The government concedes that the facts described above do not support a violation of § 1182(a)(6)(C)(i) and warrant reversal of the IJ's finding. Consequently, we reverse that portion of the agency's decision.

We uphold the IJ's finding, however, that Joseph failed to prove past perse-

cution or a well-founded fear of persecution on account of political opinion, actual or imputed. We agree with the IJ that Joseph failed to provide sufficient evidence that the Lavalas party members believed he declined to participate in their ballot-stealing scheme because of a political opinion, as opposed to Joseph's desire not to engage in criminal activity. *See INS v. Elias-Zacarias,* 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We also reject Joseph's argument that he was persecuted for his desire to remain politically neutral. Joseph failed to provide any evidence that he was viewed as having made a conscious choice to remain politically neutral, as opposed to simply avoiding the risks involved with engaging in the aforementioned scheme. *See id.* at 403, 112 S.Ct. 812 (distinguishing political neutrality from "indifference, indecisiveness, and risk averseness"). Accordingly, the IJ's denial of Joseph's asylum and withholding-of-removal claims for failure to prove a nexus to an enumerated ground is supported by substantial evidence.

Because the IJ's nexus finding is supported by substantial evidence, it is unnecessary for us to determine whether Joseph suffered past persecution or had a well-founded fear of persecution in Haiti.[2] We also hold that the BIA did not err in failing to consider the 2003 Department of State report submitted with Joseph's appeal. *See Xian Tuan Ye v. Gonzales,* 446 F.3d 289, 296 (2d Cir.2006) (finding that BIA cannot properly engage in fact-finding, and if applicant wishes to submit additional evidence in support of his claim, appropriate action is to file motion for remand). Because Joseph failed to raise any arguments regarding the denial of his CAT claim in either his brief to the BIA or to this Court, his CAT claim is not exhausted and is waived. *See* 8 U.S.C. § 1252(d)(1) (exhaustion); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006) (same); *Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006) (waiver).

For the foregoing reasons, the petition for review is GRANTED in part and the agency's determination as to the charge of inadmissibility under 8 U.S.C. § 1182(a)(6)(C)(i) is REVERSED. The petition for review is DENIED in all other respects. No remand is necessary. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

2. We also note that we lack jurisdiction over Joseph's past persecution claim because he failed to raise it in his brief to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).