XIONG ZHENG, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–1613–ag.

United States Court of Appeals, Second Circuit.

Feb. 13, 2008.

Lin Li, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney, General, Civil Division, Linda S. Wernery, Assistant Director, Gregory, M. Kelch, Attorney, United States, Department of Justice, Washington, D.C., for Respondent.

PRESENT : Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Xiong Zheng, a native and citizen of China, seeks review of the April 4, 2007 order of the BIA affirming the September 6, 2005 decision of Immigration Judge ("IJ") Philip L. Morace denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiong Zheng*, No. A96 336 586 (B.I.A. Apr. 4, 2007), *aff'g* No. A96 336 586 (Immig. Ct. N.Y. City Sept. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

*v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS.,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc); *see also Gjolaj v. BCIS,* 468 F.3d 140, 143 (2d Cir.2006). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS.,* 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. INS.,* 331 F.3d 297, 307 (2d Cir.2003); *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005).

We find that the record supports the agency's determination that Zheng failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. In addition to showing past persecution or a well-founded fear, asylum eligibility requires that the persecution alleged be on account of the applicant's race, religion, nationality, political opinion, or particular social group. 8 U.S.C. § 1101(a)(42).

In his application and during his testimony, Zheng described events in which he suffered harsh treatment at the hands of his girlfriend's family when they discovered that he had impregnated her. However, Zheng failed to describe how any of this treatment was directed at him on account of his political beliefs or an alleged opposition to the coercive family planning policy. The IJ properly found that Zheng had described the acts of an angry father seeking to punish Zheng "for impregnating his teenage daughter." *See Matter of Y–G–,* 20 I. & N. Dec. 794 799–800 (BIA 1994) ("Aliens fearing retribution over purely personal matters will not be granted asylum on that basis."). Because Zheng did not establish that he was mistreated on account of his political beliefs, he was not entitled to the presumption of a well-founded fear of persecution on account of a protected ground. *See Secaida–Rosales v. INS.,* 331 F.3d 297, 307 (2d Cir.2003). In addition, Zheng did not claim that he participated in any form of resistance to China's family planning policy other than impregnating his girlfriend, and therefore his "other resistance" claim fails under *Shi Liang Lin,* 494 F.3d at 312 ("[I]t is clear that the fact that an individual's spouse has been forced to have an abortion or undergo involuntary sterilization does not, on its own, constitute resistance to coercive family planning policies."). *See also Ru–Jian Zhang v. Ashcroft,* 395 F.3d 531, 532 (5th Cir.2004).

Because Zheng has not challenged the denial of his application for CAT relief before this Court, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Zheng also failed to challenge the IJ's denial of his application for withholding of removal in his appeal to the BIA. Thus, as a statutory matter, we are without jurisdiction to consider any challenge to the denial of that relief and dismiss the petition for review to that extent. 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DIS-

MISSED as moot. Any pending request DENIED in accordance Procedure 34(a)(2), for oral argument in this petition is with Federal Rule of Appellate and Second Circuit Local Rule 34(d)(1).