**Fausto BUENO–FERNANDEZ,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

No. 04–73975.

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 2008.*

Filed April 16, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Henry A. Posada, Esq., Law Offices of Henry A. Posada, Downey, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Blair T. O'Connor, Esq., Rm. 7261N, DOJ, U.S. Department of Justice Civil Div., Washington, DC, for Respondent.

Before: BEEZER, HALL, SILVERMAN, Circuit Judges.

### MEMORANDUM **

Fausto Antonio Bueno–Fernandez ("Bueno–Fernandez") petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of an appeal from an Immigration Judge's ("IJ") order holding that he was ineligible for adjustment of status under the Cuban Adjustment Act ("CAA"). The IJ and BIA also denied Bueno–Fernandez's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We review the BIA's interpretation of legal questions de novo, and review the BIA's findings of fact, including eligibility and entitlement determinations, for sub-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

stantial evidence. *Nuru v. Gonzales,* 404 F.3d 1207, 1215 (9th Cir.2005). We dismiss the petition with respect to petitioner's asylum claim for lack of jurisdiction, and deny all remaining claims. The parties are familiar with the facts and we do not repeat them here.

## I

■ Bueno–Fernandez argues that the BIA erred in holding that he is inadmissible and thus ineligible for adjustment of status under the CAA. *See* 8 U.S.C. § 1182(a)(6)(C)(i). The BIA held that Bueno–Fernandez "presented a false document under an assumed name when confronted by border patrol agents in 1999." The record shows that on two occasions in 1999, Bueno–Fernandez presented a false document in an attempt to enter the country or to avoid apprehension at a Border Patrol checkpoint within the country. This conduct falls squarely within the ambit of § 1182(a)(6)(C)(i).

The cases Bueno–Fernandez cites in support of his argument are inapposite. Unlike the aliens in *Matter of Y–G–,* 20 I. & N. Dec. 794 (BIA 1994), and *Matter of D–L & A–M,* 20 I. & N. Dec. 409 (BIA 1991), Bueno–Fernandez had no intention of initially surrendering the false document and declaring it to be false. Instead, Bueno–Fernandez used the document in an effort to avoid apprehension. He admitted that the document was false only after a computer check of the name on the document revealed that it was likely false. Bueno–Fernandez is inadmissible under § 1182(a)(6)(C)(i).

## II

Bueno–Fernandez argues that in seeking relief under the CAA, he qualifies for a refugee waiver of inadmissibility under 8 U.S.C. § 1157(c)(3) or § 1159(c). Sections 1157 and 1159, on their face, apply only to adjustment of status for refugees, and are inapplicable to Bueno–Fernandez's request for relief under the CAA. *See* 8 U.S.C. §§ 1157, 1159.

## III

■ The government argues that we do not have jurisdiction to review the BIA's dismissal of Bueno–Fernandez's asylum application because the application was untimely filed. We agree. Aliens must apply for asylum within one year after the date of the alien's arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Courts do not have jurisdiction "to review any determination of the Attorney General" that an alien did not file his application within one year of his arrival. 8 U.S.C. § 1158(a)(3).

The BIA recognized that Bueno–Fernandez's asylum application was untimely and dismissed the application on that basis as well as on the merits. We lack jurisdiction to review the BIA's determination that the application was untimely.[1]

## IV

■ Bueno–Fernandez argues that he is entitled to mandatory withholding of removal. "To qualify for withholding of removal, an alien must demonstrate that it is more likely than not that he would be subject to persecution on one of the specified grounds," such as political opinion.

---

1. The IJ noted that Bueno–Fernandez's asylum application was untimely filed, but did not deny the application on that basis. This does not affect the panel's lack of jurisdiction. The panel's review in this case is limited to the BIA's opinion unless the BIA expressly adopts the decision of the IJ, which it did not do here. *See Hernandez de Anderson v. Gonzales,* 497 F.3d 927, 932 (9th Cir.2007).

*Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001) (internal quotations and citation omitted). Substantial evidence supports the BIA's conclusion that Bueno–Fernandez has not met this burden. He is ineligible for withholding of removal.

### V

Bueno–Fernandez argues that he is entitled to relief under CAT. To qualify for CAT relief, an alien must establish that it is more likely than not that he would be subjected to torture if deported. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir.2003). Bueno–Fernandez has not met this burden, and is ineligible for CAT relief.

**DENIED in part, DISMISSED in part.**

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.