10-4679-ag
Benavidez-Mira v. Holder

BIA
Rohan, IJ
A094 939 064

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand twelve.

PRESENT:
>        DENNIS JACOBS,
>             *Chief Judge,*
>        PETER W. HALL,
>        GERARD E. LYNCH,
>             *Circuit Judges.*

_____

MAURA ELIZABETH BENAVIDEZ-MIRA,
>        *Petitioner,*

>        v.                                          10-4679-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Michelle Gorden Latour, Deputy Director; Matthew A. Crapo, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maura Elizabeth Benavidez-Mira, a native and citizen of El Salvador, seeks review of an October 20, 2010, decision of the BIA affirming the November 4, 2008, decision of Immigration Judge ("IJ") Patricia A. Rohan denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Maura Elizabeth Benavidez-Mira*, No. A094 939 064 (B.I.A. Oct. 20, 2010), aff'g No. A094 939 064 (Immig. Ct. N.Y. City Nov. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Yong Hang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Aliyev v. Mukasey*, 549 F.3d 111, 115-16 (2d Cir. 2008).

Substantial evidence supports the agency's conclusion that Benavidez-Mira was not entitled to asylum or withholding of removal because she failed to demonstrate that she faced

2

persecution on the basis of a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A). Benavidez-Mira argues that the gang members harassed her on the basis of an imputed political opinion, i.e., that she opposes them and supports the government's efforts to fight crime, and on the basis of her social group. The record, however, does not compel the conclusion that any imputed political opinion or social group motivated the gang members. Benavidez-Mira described being harassed and threatened, but she testified that the gang members acted to keep her silent about her stepfather's role in the death of their neighbor. Similarly, her mother testified that she believed that the gang members, who were related to the stepfather, were harassing her daughter at his behest, in order to keep her from speaking about his criminal activity. Substantial evidence therefore supports the finding that the gang members were acting on personal motives, and not on account of any political opinion they believed Benavidez-Mira held or any social group to which she belonged. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992); *In re Y-G-*, 20 I&N Dec. 794, 799 (BIA 1994). Accordingly, the agency did not err in denying asylum and withholding of removal. *See* 8 U.S.C.§ 1158(b)(1)(B)(i)

8 U.S.C. § 1231(b)(3)(A); *see also Elias-Zacarias*, 502 U.S. at 482–83.

Substantial evidence also supports the agency's conclusion that Benavidez-Mira failed to demonstrate a likelihood of torture by the Salvadoran government or with its acquiescence. The agency's regulations define torture, in pertinent part, "as any act by which severe pain or suffering . . . is intentionally inflicted" for certain purposes "by or at the acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "[A]cquiescence . . . requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). Benavidez-Mira argues that, because her stepfather can "act with impunity" in El Salvador, and because she has knowledge of his criminal acts, it is more likely than not that she will be tortured and murdered there. The record, however, does not compel the conclusion that her stepfather's position in the government – described by Benavidez-Mira's mother as a chauffeur for a government engineer and "dealing with computers" – allows him to act with impunity. Although her mother testified that he

seems to know police officers, that testimony alone is insufficiently compelling. The factual premise for Benavidez-Mira's claim – that her stepfather will have her killed in order to keep his other criminal activity a secret – suggests that he apparently fears prosecution and <u>cannot</u> act with impunity. The agency did not err in determining that Benavidez-Mira failed to demonstrate a likelihood of torture with the acquiescence of Salvadoran government officials.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
