# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 11, 2011

Lyle W. Cayce
Clerk

No. 10-60991
Summary Calendar

WASHINGTON LEON NIETO ARCE,

Petitioner

v.

ERIC HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 309 794

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:*

Petitioner Washington Leon Nieto Arce (Nieto), a native and citizen of Colombia, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the order of the Immigration Judge (IJ) who found him removable and denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Nieto sought such relief based on his assertion that he had been persecuted in the past and feared future persecution and torture by the guerrilla group Revolutionary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Armed Forces of Colombia (FARC) on the basis of his participation in the religious group "Colombian Mejor" or "Better Colombia."

Nieto first contends that the IJ's adverse credibility determination was error. He incorrectly states that the BIA adopted that credibility determination. We do not address the credibility issue because, as the BIA determined, even accepting Nieto's allegations as true, he has not borne his burden of proof. *See Ozdemir v. INS*, 46 F.3d 6, 8 (5th Cir. 1994).

Nieto next contends that the BIA's denial of his requests for asylum, withholding of removal, and relief under the CAT is not supported by substantial evidence. We review the BIA's legal findings de novo and its findings of fact for substantial evidence. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Under this standard, we will not reverse unless we decide "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted).

To be eligible for asylum, Nieto has the burden of demonstrating that he is a "refugee," which in turn requires him to show that he suffered past persecution or has a well-founded fear of future persecution based on one of the enumerated grounds, here, his religious activities.[1] 8 C.F.R. § 1208.13(b). The BIA determined that Nieto had not shown that he had suffered past persecution, and Nieto has failed to demonstrate that the evidence compels a contrary conclusion. He contends that the threatening phone calls and verbal harassment he suffered from unidentified FARC members put him in everyday fear for his safety and cumulatively constituted persecution entitling him to asylum. The verbal threats that Nieto received, which were unaccompanied by any physical

---

[1] To the extent that Nieto seeks to raise a new claim that he was persecuted for his political opinions, we lack jurisdiction to consider such claim. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 322 (5th Cir. 2009).

harm or other significant deprivation, did not, however, constitute persecution. *See Eduard v. Ashcroft*, 379 F.3d 182, 187 n.4, 188 (5th Cir. 2004).

Similarly, Nieto has failed to demonstrate that he has a well-founded fear of future persecution. *See* § 1208.13(b)(2)(iii); *Zhao v. Gonzalez*, 404 F.3d 295, 307 (5th Cir. 2005). He relies on his and his wife's testimony that he fears he will be killed or kidnaped if returned to Colombia, which fear, he contends, is corroborated by the State Department report on country conditions and the other documentary evidence he submitted in support of his asylum application. Nieto has provided no evidence, however, that he will be singled out for persecution if he returns to Colombia or that there is a pattern of persecution of members of Better Colombia by members of FARC. *See Zhao*, 404 F.3d at 307. Although he testified that two members of Better Colombia were missing, that two others continued to receive threatening calls, and that the leader of the group had relocated to Canada, his testimony does not show that FARC was responsible for those acts. As the BIA found, the letters Nieto submitted from his family and fellow Better Colombia members state only that the writers were aware that Nieto and his wife had been verbally threatened by guerrillas; the writers do not state that they were themselves persecuted by FARC, or that Nieto was ever harmed as a result of the threats. Moreover, Nieto's family members apparently continue to live in Colombia without suffering any harm.

Additionally, the State Department report and other related documents submitted by Nieto do not link FARC's guerrilla activities to Nieto, to Better Columbia, or to any religious group operating in Bogota generally or in Simon Bolivar in particular. Furthermore, Nieto fails to address the BIA's finding that he could relocate and live elsewhere in Columbia to avoid any local threat, which finding is supported by the record, including his wife's testimony that she lived with her mother in Ibaque without incident. *See* § 1208.13(b)(2)(ii).

Accordingly, Nieto's fear that he will be singled out for persecution if he returns to Colombia is not objectively reasonable, and the evidence does not

compel a finding to the contrary. *See Zhao*, 404 F.3d at 307. As substantial evidence supports the BIA's conclusion that Nieto failed to establish either past persecution or an objective reasonable, well-founded fear of future persecution, his asylum application was properly denied. *See Chen*, 470 F.3d at 1136-37*; see also* § 1208.13(b). Having failed to demonstrate the requisite refugee status for asylum purposes, Nieto cannot satisfy the higher standard required for establishing eligibility for withholding of removal. *See Chen*, 470 F.3d at 1138.

Nieto has likewise failed to show that the BIA's denial of relief under the CAT was error. To obtain such relief, he "must show that it is more likely than not that he would be tortured if returned to his home country." *Zhang*, 432 F.3d at 344 (internal quotation marks and citation omitted); *see also* 8 C.F.R. § 1208.16(c)(2). "To meet this burden, the alien may produce evidence of past torture, an inability to relocate to a safer part of the country, human rights abuses committed within the country, and any other relevant information." *Majd v. Gonzales*, 446 F.3d 590, 595-96 (5th Cir. 2006); § 208.16(c)(3).

Nieto produced no evidence of past torture or that he is unable to relocate to a safer part of the country. *See id.* He testified that he would be unsafe elsewhere because FARC exists countrywide and because Bogota is the most protected city in Colombia, meaning that he would be even less protected elsewhere. As noted above, however, Nieto's wife testified that she lived with her mother in Ibaque without incident, and the documentary evidence shows that FARC's membership is diminishing, that it operates in only one-third of the country, and that the Colombian government has made substantial strides in reducing human rights violations by FARC. Thus, the evidence does not compel a finding that it is more likely than not that Nieto will be targeted for torture on his return to Colombia or that the Colombian government would acquiesce in such torture. *See Chen*, 470 F.3d at 1139-42.

For the foregoing reasons, Nieto's petition for review is DENIED.