# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60116
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2014

Lyle W. Cayce
Clerk

AMIRALI NAJARALI MOMIN; SULTANA AMIRALI MOMIN,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A 099 577 276
BIA No. A 099 577 277

Before WIENER, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Amirali Najarali Momin (Momin) and his wife Sultana Amirali Momin, natives and citizens of India, petition this court to review the decision of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) denying Momin's applications for asylum, withholding of removal,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and protection under the Convention Against Torture (CAT).[1] Momin contends that the BIA applied the wrong standard of review in reviewing the IJ's decision denying his applications. He further argues that the BIA's decision is not supported by substantial evidence because he provided sufficient evidence of past persecution and a well-founded fear of future persecution on account of his Muslim religion.

Generally, this court reviews only the final decision of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). When, as in the present case, the BIA's decision is affected by the IJ's ruling, however, this court also reviews the IJ's decision. *Id.* Although this court reviews the legal conclusions of the IJ and the BIA de novo, it reviews their factual findings for substantial evidence. *Majd v. Gonzales*, 446 F.3d 590, 594 (5th Cir. 2006). Under the substantial evidence standard, "reversal is improper unless we decide 'not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it.'" *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)).

Momin's contention that the BIA applied the wrong standard of review in reviewing the IJ's decision is not supported by the record. The BIA correctly applied the clearly erroneous standard to the IJ's factual finding that Momin failed to demonstrate the required nexus that the mistreatment he suffered in India was due to his Muslim religion, a statutorily protected ground. *See Thuri v. Ashcroft*, 380 F.3d 788, 791 (5th Cir. 2004) (noting that an IJ's determination that an asylum applicant failed to demonstrate the requisite nexus between persecution and protected ground was a question of fact). Furthermore, substantial evidence supports the BIA's finding that the Hindu extremists'

---

[1] Sultana Amirali Momin applied as a derivative beneficiary of Momin's application for asylum.

motive for targeting Momin was not his Muslim religion, but rather extortion. Similarly, Momin's own testimony indicated that his detention by Indian authorities in 2002 was not on account of his Muslim religion, but rather because he was suspected of being a Pakistani agent.  As the BIA concluded, Momin failed to make the required nexus that "one central reason" for his mistreatment was due to a statutorily protected ground.  *See Shaikh v. Holder*, 588 F.3d 861, 863-64 (5th Cir. 2009) (citation and internal quotation marks omitted).  Accordingly, the record does not compel the contrary conclusion that Momin is entitled to asylum.  *See Zhang*, 432 F.3d at 344.  Because Momin cannot demonstrate that he is eligible for asylum, he also cannot show that he meets the higher standard for withholding of deportation.  *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).

Substantial evidence also supports the BIA's determination that Momin did not satisfy his burden for relief under the CAT.  *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354 (5th Cir. 2002).  Although there is no dispute that Momin was tortured in 2002 by the Indian authorities, Momin remained in India without incident for an additional three years.  In fact, as the BIA and the IJ noted, Momin showed no fear in reporting the 2005 incident with Hindu extremists to the Indian authorities.  Further, Momin acknowledged that his parents and siblings live in other areas of India, and that they have not experienced any issues with Hindu extremists or the Indian authorities. Momin further acknowledged that he has never attempted to relocate in another part of India.  *See* 8 C.F.R. § 208.16(c)(3)(ii) (directing consideration of "[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured"); *Arce v. Holder*, 449 F. App'x 404, 406-07 (5th Cir. 2011).  The evidence does not compel a finding that it is more likely than not that Momin would be tortured upon removal to India.

No. 13-60116

Accordingly, Momin has failed to show error on the part of the BIA in denying him relief under the CAT.

Momin also fails to show error on the part of the BIA in considering the denial of his asylum and withholding of removal claims "final" as of its June 18, 2009 decision. The BIA specifically ordered that "[t]he appeal is dismissed with respect to asylum and withholding of removal" and that "[t]he record is remanded to the Immigration Court for further proceedings regarding protection under CAT consistent with the foregoing opinion and entry of a new decision." As the BIA concluded, this was a final decision by which the BIA was bound. *See* 8 C.F.R. § 1003.1(d)(7)). Accordingly, the subsequent attempts by Momin to reintroduce evidence in support of his asylum and withholding of removal claims were properly construed as motions to reopen. *See* 8 C.F.R. § 1003.2. Further, our dismissal of Momin's initial petition for review for lack of jurisdiction was proper given that there was no final order of removal. *See* 8 U.S.C. § 1252(a)(1). Thus, Momin's arguments regarding the BIA's June 18, 2009 decision are unavailing. As such, he has shown no abuse of discretion on the part of the BIA for denying his motion to reconsider. *See Zhao*, 404 F.3d at 303.

Accordingly, the petitions for review are DENIED.