# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60305
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2015

Lyle W. Cayce
Clerk

RUFINO ALMANZA-MARTINEZ,

                                        Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

                                        Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A 200  968  251

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Rufino Almanza-Martinez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the denial of his application for withholding of removal.  Almanza-Martinez does not challenge the determination that he was ineligible for asylum because

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of an untimely application and that he did not merit protection under the Convention Against Torture.  By failing to brief those issues, he has waived them.  *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

Because the BIA relied on the decision of the immigration judge ("IJ"), we review both the IJ's decision and the order of the BIA.  *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  We review for substantial evidence the decision to deny withholding of removal and will not reverse unless the record compels it.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  To be entitled to withholding of removal, a petitioner must show a clear probability of persecution, i.e., that it is more likely than not that his life or freedom will be threatened by persecution based on one of five enumerated grounds, including membership in a particular social group.  *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004); 8 C.F.R. § 208.16(b).

Almanza asserts that the IJ ignored significant evidence establishing past persecution, including death threats to his son.  He also complains that the IJ engaged in a highly speculative analysis by failing to ascertain whether he was a member of a particular social group, specifically landowners returning from the United States to Mexico.

A particular social group is one that has "social visibility," meaning that "members of a society perceive those with the characteristic in question as members of a social group," and "particularity," meaning that the group "can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons." *Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012) (internal quotation marks and citations omitted).  The BIA's interpretation of the term "particular social group" is entitled to deference.  *Id*. at 520−22.

No. 14-60305

We have declined to recognize the wealthy or persons who earn a living as a protected group. *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012). Although Almanza-Martinez cites an alleged death threat against his son and attempted violent crimes against his family in support of his claim of past persecution, he fails to show that those acts stem from anything more than opportunistic criminal motives or that the threat resulted in any harm to him or his family. *See Arce v. Holder*, 449 F. App'x 404, 406 (5th Cir. 2011). Substantial evidence supports the BIA's determination that Almanza offered nothing more than bare claims of past persecution and did not establish a clear probability of persecution based on his membership in a particular social group if he were returned to Mexico. *See Roy*, 389 F.3d at 138. The BIA correctly denied his petition for withholding of removal. *See Zhang*, 432 F.3d at 344; § 208.16(b).

The petition for review is DENIED.