# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60652
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 7, 2017

Lyle W. Cayce
Clerk

HARJINDER SINGH,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 051 473

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Harjinder Singh petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the BIA relied upon the findings and conclusions of the IJ, we review both decisions. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We review the immigration

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

courts' rulings of law de novo and their findings of fact for substantial evidence. *See id.* at 594. Under the substantial evidence standard, reversal is improper unless this court decides "not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted).

The Attorney General has the discretion to grant asylum to refugees. *See* 8 U.S.C. § 1158(b)(1); *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). A refugee is a person who is outside of his country and is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). An alien seeking asylum "has the burden of proving that . . . one of the[ ] five protected grounds 'was or will be at least one central reason for persecuting' him." *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). "[A]lthough a statutorily protected ground need not be the only reason for harm, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Sharma*, 729 F.3d at 411 (internal quotation marks and citation omitted).

Substantial evidence supports the BIA's conclusion that the threats and harassment Singh suffered were not on account of a statutorily protected ground set forth in § 1101(a)(42)(A). Singh testified that he was harassed solely because of his romantic relationship with the daughter of his harasser. Thus, there was no nexus between the reason for his harassment and one of the "five protected grounds." *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 349 (5th Cir. 2002); *see Momin v. Holder*, 577 F. App'x 246, 247 (5th Cir. 2014); *Matter of Y-G-*, 20 I&N Dec. 794, 799-800 (BIA 1994). As such, Singh failed to establish past persecution or a well-founded fear of future persecution. § 1101(a)(42)(A). Because Singh cannot meet the requirements for asylum, he

No. 16-60652

has failed to meet the more stringent standard for withholding of removal. *Chen*, 470 F.3d at 1138.

Lastly, Singh has failed to establish his entitlement to protection under the CAT.  To obtain relief under the CAT, Singh must show that it is "more likely than not" that he would be tortured if returned to his home country. *Chen*, 470 F.3d at 1139.  The substantial evidence in the record does not show that it is more likely than not that he will be subject to torture if he returns to India.

Singh's petition for review of the BIA's decision is DENIED.